UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY CUSAMANO a/k/a/ Michael Bonano,

                      Plaintiff,

            v.                                         9:08-CV-755
                                                                              (FJS/GHL)

SCOTT CARLSEN, Superintendent; JANE
DOE, Nurse; MS. SARKOWSKI, E1 Housing
Unit Officer; SCOTTY ROCK, E1 Housing
Unit Officer; JOHN DOE #1, E1 Housing
Unit Officer; JOHN DOE #2, E1 Housing
Unit Officer; JOHN DOE, Housing Unit
Sergeant/Supervisor; JOHN DOE #1, Mess
Hall Officer; JOHN DOE #2, Mess Hall
Officer; JOHN DOE, Mess Hall Supervising
Sergeant; and DUANE TAYLOR, Inmate
Grievance Resolution Committee Director,

                      Defendants.[1]
_____

APPEARANCES                                     OF COUNSEL

ANTHONY CUSAMANO
#349-09-07451
Manhattan Detention Center
125 White Street
New York, New York 10013
Plaintiff *pro se*

OFFICE OF THE NEW YORK          AARON M. BALDWIN, AAG
STATE ATTORNEY GENERAL          CHRISTINA L. ROBERTS-RYBA, AAG
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

---

      [1] In his complaint, Plaintiff identifies Defendants' place of employment as Ulster Correctional Facility.

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Anthony Cusamano commenced this action *pro se* pursuant to 28 U.S.C. § 1983, alleging that Defendants violated his rights under the United States Constitution while he was incarcerated at Ulster Correctional Facility. *See* Dkt. No. 1. Defendants Scott Carlsen and Duane Taylor filed a motion to dismiss the complaint.[2] *See* Dkt. Nos. 11, 17. Plaintiff responded to the motion to dismiss by filing a cross-motion for summary judgment or for a default judgment. *See* Dkt. No. 16. Defendants Carlsen and Taylor filed papers in opposition to Plaintiff's cross-motion. *See* Dkt. No. 17.

By Memorandum-Decision and Order dated September 5, 2009, the Court granted Defendant Carlsen and Taylor's motion to dismiss and dismissed all of the claims against them without prejudice because Plaintiff had not plausibly alleged that either Defendant Carlsen (first and sixth causes of action) or Defendant Taylor (fifth, seventh, eighth, ninth and tenth causes of action) were personally involved in any of the alleged constitutional violations. *See* Dkt. No. 20 at 22. The Court also dismissed Plaintiff's seventh, eighth, and ninth causes of action (due process and equal protection claims) without prejudice against all Defendants because Plaintiff had failed to state a claim on which this Court could grant relief. *See id.* Additionally, the Court dismissed Plaintiff's requests for injunctive relief as moot and denied Plaintiff's cross-motion for summary judgment and/or default judgment. *See id.* at 22-23. Finally, the Court directed Plaintiff to show cause why the Court should not dismiss his complaint against Defendants

---

[2] Defendants Ms. Sarkowski and Scotty Rock have not been served. Plaintiff has not identified any of the John/Jane Doe Defendants.

Sarkowski and Rock and all seven of the Jane/John Doe Defendants for failure to serve these Defendants within the required time frame. *See id.* at 23.

Currently before the Court is Plaintiff's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in which he seeks relief from this Court's September 5, 2009 Memorandum-Decision and Order. *See* Dkt. No. 21. Plaintiff also seeks copies of documents that the parties have filed in this case or, in the alternative, appointment of counsel. *See* Dkt. No. 21 at 2. Defendants filed papers in opposition to Plaintiff's motion, *see* Dkt. 24; and Plaintiff filed reply papers in further support of his motion, *see* Dkt. No. 25.

## II. DISCUSSION

**A.     Plaintiff's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure**

Although Plaintiff brings his motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, because the Court's September 5, 2009 Memorandum-Decision and Order is not a final judgment or order, Plaintiff's motion is, in essence, a motion for reconsideration pursuant to Local Rule 7.1(g).

In this district, a court will only grant a motion for reconsideration in three limited circumstances: "'(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct clear error of law or prevent manifest injustice.'" *Gollomp v. Spitzer*, No. 1:06-CV-802, 2009 WL 104194, *2 (quoting *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006)). "Courts strictly apply this standard and generally deny motions for reconsideration 'unless the moving party presents "controlling decisions or data that the court overlooked. . . ."'" *Id.* (quotation omitted). Finally, if

a party bases its motion for reconsideration on an error of law, "'the court has broad discretion and should not disregard the law of the case unless it has a "clear conviction of error."'" *Id.* (quotation omitted). A review of Plaintiff's submissions makes it clear that the ground for his motion is the alleged need to prevent manifest injustice.

In his motion, Plaintiff asks the Court to "reinstate" Superintendent Carlsen as a defendant, as well as to reinstate the first and sixth causes of action against Superintendent Carlsen. *See* Dkt. No. 21 at 4. Plaintiff argues that he alleges sufficient facts in his complaint to suggest plausibly that Carlsen was personally involved in the alleged wrongdoing because, among other things, the conditions at Ulster Correctional Facility about which Plaintiff complained occurred "over such an alarmingly lengthy period" and were so "pervasive" that it would have been impossible for Superintendent Carlsen to lack knowledge of the problems. *See id.* at 5-6. Plaintiff also claims that Superintendent Carlsen sent him a letter within two weeks after Plaintiff was transferred out of Ulster Correctional Facility, the content of which demonstrated that Superintendent Carlsen was aware of Plaintiff's complaints regarding the unsanitary conditions at Ulster Correctional Facility prior to Plaintiff's transfer.

In light of Plaintiff's *pro se* status, the Court has considered Plaintiff's renewed arguments with respect to Superintendent Carlsen's alleged involvement and finds them ***somewhat*** persuasive. More importantly, however, because Plaintiff has been unable either to serve or identify the other possible defendants named in his complaint, the Court concludes that it should reinstate Superintendent Carlsen as a Defendant, as Plaintiff suggests, if for no other reason than to allow Plaintiff to conduct discovery in an effort to identify and serve the remaining Defendants

or new defendants about whom he may learn through discovery.[3]  Although Plaintiff's allegations against Superintendent Carlsen are somewhat sparse, in allowing this action to proceed against him, the Court notes that, when a prisoner does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain "supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) (citations omitted).  "After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, . . ., but such dismissal is premature where the opportunity to identify those involved has not yet been accorded." *Id.* at 921-22 (internal citations omitted); *see also Murphy v. Goord*, 445 F. Supp. 2d 261, 266-67 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing the plaintiff to proceed with discovery to identify the Doe defendants).  Accordingly, the Court grants Plaintiff's motion for reconsideration of the Court's September 5, 2009 Memorandum-Decision and Order and, insofar as that motion relates to Plaintiff's first and sixth causes of action against Superintendent Carlsen, reinstates Superintendent Carlsen as a Defendant in this case and directs Defendant Carlsen to file an answer to Plaintiff's complaint.

      The Court has also reviewed the remainder of Plaintiff's arguments and finds them to be without merit.  Therefore, upon reconsideration, the Court affirms the remainder of its

---

[3] The Court takes no position with respect to the merits of any of Plaintiff's claims at this time, including the merits of his claims against Defendant Carlsen.

conclusions in its September 5, 2009 Memorandum-Decision and Order.[4]

B.   **Service upon the remaining Defendants**

Plaintiff indicates that, although he has submitted Freedom of Information Law requests to the Department of Correctional Services and to Ulster Correctional Facility officials and has sought guidance from the Clerk of this Court,[5] he has been unable to ascertain Defendants' actual identities or locations at which to serve them. *See* Dkt. No. 21 at 3-4. Plaintiff asks that the Court allow him to conduct discovery so that he might be able to identify the proper defendants. *See id.*

Once Defendant Carlsen files and serves his answer to Plaintiff's complaint, the Court will issue a pretrial scheduling order directing the production of certain mandatory disclosure and permitting the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure. In light of this, because he has shown good cause, the Court grants Plaintiff an extension of time until **August 31, 2010**, to identify and serve the remaining Defendants.

C.   **Request for copies/appointment of counsel**

Plaintiff claims that, since his arrest and detention on May 6, 2009, he has been unable to

---

[4] The Court clarifies that its dismissal of Defendant Taylor as a Defendant and its dismissal of Plaintiff's seventh, eighth, and ninth causes of action against all Defendants remain intact.

[5] The Clerk of the Court previously contacted General Counsel for the Department of Correctional Services in an attempt to locate Defendants Sarkowski and Rock. Counsel's office advised the Clerk of the Court that "[a] search of [DOCS] records has failed to identify any employee by the name of Scotty Rock and Ms. Sarkowski." *See* Dkt. No. 14.

access any of the documents filed in this action other than the Court's September 5, 2009 Memorandum-Decision and Order. *See* Dkt. No. 21 at 1. Plaintiff asks the Court to provide him with free copies of all docket entries in this action. *See id.* at 2. In the alternative, if the Court denies his request for free copies, Plaintiff asks the Court to appoint him counsel. *See id.* Although Plaintiff's *in forma pauperis* status does not entitle him to free copies of documents on file with the Court, *see* L.R. 5.4, in light of his *pro se* status, the Court will provide him with copies of documents relevant to his defense in this action. Therefore, the Court directs the Clerk of the Court to send Plaintiff a courtesy copy of the following five documents: (1) his complaint, *see* Dkt. No. 1; (2) Defendants' motion to dismiss, *see* Dkt. No. 11; (3) Plaintiff's cross-motion for summary judgment and response to the motion to dismiss, *see* Dkt. No. 16; (4) Defendants' memorandum of law, *see* Dkt. No. 17; and (5) the docket report. Plaintiff may purchase copies of additional docket entries from the Clerk of the Court at a cost of fifty cents per page. Plaintiff must make this payment **in advance**, with the check made payable to "Clerk, U.S. District Court." Finally, since the Court has granted Plaintiff's request for copies of previous filings, the Court **denies without prejudice** his alternative request for appointment of counsel.

### III. CONCLUSION

After carefully considering the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration of its September 5, 2009 Memorandum-Decision and Order is **GRANTED**; and the Court further

**ORDERS** that Superintendent Carlsen is **reinstated** as a Defendant and that **the first**

**and sixth causes of action against Defendant Carlsen are reinstated**. All other aspects of the Court's September 5, 2009 Memorandum-Decision and Order remain intact; and the Court further

   **ORDERS** that, **within thirty (30) days** from the filing date of this Memorandum-Decision and Order, Defendant Carlsen shall file and serve an answer to Plaintiff's complaint; and the Court further

   **ORDERS** that, for good cause shown, Plaintiff is **GRANTED** an extension of time until **August 31, 2010**, to identify and serve the remaining Defendants; and the Court further

   **ORDERS** that the Clerk of the Court shall send Plaintiff courtesy copies of the documents filed at Docket Numbers 1, 11, 16, and 17, as well as a copy of the docket report; and the Court further

   **ORDERS** that Plaintiff's request for appointment of counsel is **DENIED without prejudice**; and the Court further

   **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 21, 2010
       Syracuse, New York

                                                    _____
                                                    Frederick J. Scullin, Jr.
                                                    Senior United States District Court Judge