**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY CUSAMANO, also known as**
**Michael Bonano,**

                      **Plaintiff,**

           **v.**                                            **9:08-CV-755**
                                                          **(FJS/TWD)**

**SCOTT CARLSEN, Superintendent, Ulster**
**Correctional Facility; JANE DOE, Nurse, Ulster**
**Correctional Facility; MS. SARKOWSKI, Officer,**
**Ulster Correctional Facility; SCOTTY ROCK,**
**Officer, Ulster Correctional Facility; JOHN**
**DOE #1, Unit Officer, Ulster Correctional**
**Facility; JOHN DOE #2, Unit Officer, Ulster**
**Correctional Facility; JOHN DOE, Sergeant/**
**Supervisor, Ulster Correctional Facility;**
**JOHN DOE #1, Mess Hall Officer, Ulster**
**Correctional Facility; JOHN DOE #2, Mess**
**Hall Officer, Ulster Correctional Facility;**
**and JOHN DOE, Supervising Sergeant, Mess**
**Hall, Ulster Correctional Facility,**

                      **Defendants.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**ANTHONY CUSAMANO**
**11-R-1271**
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **WILLIAM J. MCCARTHY, JR., AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**ORDER**

Currently before the Court are Magistrate Judge Lowe's December 16, 2011 Report-Recommendation and Order, *see* Dkt. No. 55, and Plaintiff's and Defendants' objections thereto, *see* Dkt. Nos. 58-59.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations against Defendants.  The Court has issued previous orders in this action disposing of several of Plaintiffs' claims.  *See* Dkt. Nos. 20, 26.  After those orders, the remaining claims in this action are Plaintiff's first and sixth causes of action, which are essentially the same, against Defendant Carlsen for "implementing or maintaining policies" that violate Plaintiff's right to be free from cruel and unusual punishment; the second cause of action against Nurse Jane Doe, subsequently identified as Donna Baker, for inadequate medical treatment; and the third and fourth causes of action against "Scotty Rock," subsequently identified as Jess Scott, "Ms. Sarkowski," subsequently identified as Jeanette Siatkowski, and "John Doe," subsequently identified as David R. Galm, for the cold temperatures in the housing unit and mess hall at Ulster Correctional Facility.

On April 18, 2011, Defendants filed a motion for summary judgment.  *See* Dkt. No. 43. In response to that motion, Plaintiff indicated that he had ascertained the identities of the misidentified and unidentified Defendants and requested permission to amend his complaint to include these Defendants.  *See* Dkt. No. 50-2 at 13.  Magistrate Judge Lowe ordered Plaintiff to submit a proposed amended complaint containing the changes that he wanted to make.  *See* Text Order dated October 3, 2011.  Plaintiff complied; and, after reviewing the proposed amended

-2-

complaint, Magistrate Judge Lowe concluded that Plaintiff had only adjusted the names of the Defendants and had not modified any of the causes of action.  *See* Dkt. No. 55 at 3.  Therefore, Magistrate Judge Lowe decided that he would address the substance of all of the remaining causes of action even though Defendants had filed their motion solely on behalf of Defendant Carlsen.  *See id.*

In a Report-Recommendation and Order dated December 16, 2011, Magistrate Judge Lowe recommended that the Court grant Defendants' motion in part and deny that motion in part, dismiss all of the claims except the claim against Defendant Carlsen regarding the brown water at Ulster Correctional Facility, and deny Plaintiff's motion to amend his complaint.  *See id.* at 25.

Plaintiff filed objections to Magistrate Judge Lowe's recommendations that the Court dismiss his claims related to Defendants' failure to remedy the abnormally cold housing unit temperatures, Defendants' failure to provide him with basic items, and Defendants' deliberate indifference to his serious medical needs.  *See* Dkt. No. 58 at 6-12.  Plaintiff also objected to Magistrate Judge Lowe's recommendation that the Court deny his request to file an amended complaint.  *See id.* at 13.  Finally, Plaintiff objected to Magistrate Judge Lowe's failure to address his motion to compel discovery.  *See id.* at 14.

Defendants filed objections to Magistrate Judge Lowe's recommendation that the Court deny their motion for summary judgment with regard to Plaintiff's claim against Defendant Carlsen related to the brown water at Ulster Correctional Facility.  *See* Dkt. No. 59.

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify the recommendations therein.  *See* 28 U.S.C. § 636(b)(1).  The court conducts a *de novo* review of the magistrate judge's recommendations to which a party

objects.  *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  As part of its *de novo*

review, a court may consider further evidence.  *See* 28 U.S.C. § 636(b)(1).

The Court conducted a *de novo* review of Magistrate Judge Lowe's Report-

Recommendation and Order in light of Plaintiff's and Defendants' objections thereto.  Having

concluded that review, the Court finds that Plaintiff's objections are without merit.  First,

contrary to Plaintiff's contention, Magistrate Judge Lowe did not ignore or misconstrue any of the

facts that Plaintiff alleged with respect to any of his claims.  Furthermore, although Plaintiff

disagrees with Magistrate Judge Lowe's reliance on certain cases, Magistrate Judge Lowe

properly relied on those cases, as well as others, in reaching his determinations with regard to

Plaintiff's claims.

In support of their objections, Defendants have submitted the Affidavit of Eric C. Greppo,

who states that he is an environmental engineer for facilities planning and development for the

New York State Department of Corrections and Community Supervision.  *See* Dkt. No. 59-2,

Affidavit of Eric C. Greppo, sworn to January 10, 2012, at ¶ 1.  Mr. Greppo further states that his

responsibilities include "the coordination of the Annual DEC State Facilities Environmental

Audit program for DOCCS facilities statewide"and in that capacity, he "receive[s], review[s] and

recommend[s] remedial actions for any and all violations of potential threats to the environment

related to DOCCS facility activities[, which] include[s] the operation and maintenance of facility

water and wastewater systems."  *See id.* at ¶ 2.  Attached to his Affidavit are reports from

Environmental Labworks, Inc., which purport to show the results of bacteriological examinations

of water collected from various parts of Ulster Correctional Facility from January 9, 2007,

through July 10, 2008.  *See id.* at Exhibit attached thereto.  Finally, Mr. Greppo states that these

records are kept in the regular course of business and that they demonstrate that there were no problems with the water at Ulster Correctional Facility in November and December 2007. *See id.* at ¶¶4-5.

The Court finds that, even after considering this new evidence, it agrees with Magistrate Judge Lowe's ultimate conclusion that "[t]here remain questions of fact about the seriousness of the brown water at Ulster, and whether Defendant Carlsen had knowledge of, and disregarded, a serious risk to inmate safety." *See* Dkt. No. 55 at 16; *see also Bellezza v. Fischer*, No. 05 CIV. 98, 2007 WL 2059824, *1 (S.D.N.Y. July 16, 2007) (finding that, although the defendants had "offered evidence that the discolored water was actually safe to drink, the conflicting evidence that inmates could not drink or bathe with it without suffering extreme discomfort continues to create a genuine issue of material fact as to whether the inmates actually suffered a constitutional deprivation" (citation omitted)).

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lowe's December 16, 2011 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that all of Plaintiff's claims are **DISMISSED except** his claim against Defendant Carlsen regarding the brown water at Ulster Correctional Facility; and the Court further

**ORDERS** that Plaintiff's request to amend is complaint is **DENIED as futile**; and the Court further

-5-

ORDERS that this matter is referred to Magistrate Judge Dancks for all further pretrial matters; and the Court further

ORDERS that the Clerk of the Court shall provide Plaintiff with a copy of *Bellezza v. Fischer*, No. 05 CIV. 98, 2007 WL 2059824 (S.D.N.Y. July 16, 2007); and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2012
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

-6-

Westlaw.

Not Reported in F.Supp.2d, 2007 WL 2059824 (S.D.N.Y.)
(Cite as: 2007 WL 2059824 (S.D.N.Y.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Frank L. BELLEZZA, Jr., Plaintiff,
v.
Brian FISCHER, Superintendent of Sing Sing Correctional Facility, Defendant.

No. 05 CIV. 98(DLC).
July 16, 2007.

Frank L. Bellezza, pro se.

Neil Shevlin, Assistant Attorney General State of New York, New York, NY, for defendant.

*MEMORANDUM OPINION & ORDER*
DENISE COTE, District Judge.

*1 By Opinion and Order of October 24, 2006("October Opinion"), the Court granted in part defendant Brian Fischer's ("Fischer's") motion for summary judgment. *Bellezza v. Fischer,* No. 05 Civ. 98(DLC), 2006 WL 3019760 (S.D.N.Y. Oct. 24, 2006). Familiarity with the facts and legal analysis set forth in the October Opinion is presumed. Because plaintiff Frank L. Bellezza's ("Bellezza's") submissions did not state with sufficient clarity that he was asserting an Eighth Amendment claim based on events between January and September 2004, Fischer was permitted an additional opportunity to brief the issue of whether summary judgment is appropriate with respect to that claim.

Fischer's renewed motion for summary judgment is denied. A genuine issue of fact remains as to whether inmates complained to Fischer that the discolored water at Sing Sing Correctional Facility ("Sing Sing") was causing them to experience "extreme discomfort" during the period from January to September 2004. Fischer concedes that he was aware of periods of water discoloration between January and September 2004, each lasting

one to several days. He avers that it was not necessary to take corrective action because, prior to September 2004, these periods were brief. He offers evidence that he and Sing Sing Plant Superintendent Bruce Carver drank tap water at Sing Sing during the months of January to September. He adds, "had any problems been brought to my attention during this period, I would have taken steps to remedy them."

In addition to his own statement that he personally advised Fischer about "the brown water and its ill effects on several occasions" during this nine-month period, Bellezza presents an affidavit from fellow inmate Johnny Rios, who states that he also complained directly to Fischer in the middle of April 2004 that the brown water was making him sick. Rios provides details as to the location and length of the alleged conversation. This evidence, viewed in a light favorable to Bellezza, creates a genuine issue of fact as to whether Fischer was made aware that the water was causing extreme discomfort to inmates, and whether Fischer's failure to ameliorate the water problem constituted deliberate indifference to inmate health or safety in violation of the inmates' clearly established Eighth Amendment rights. *See Scott v. Harris,* 127 S.Ct. 1769, 1774 (2007). Even though Fischer has offered evidence that the discolored water was actually safe to drink, the conflicting evidence that inmates could not drink or bathe with it without suffering extreme discomfort continues to create a genuine issue of material fact as to whether the inmates actually suffered a constitutional deprivation. 2006 WL 3019760, at *4.

Fischer's argument that the damages claim against him is barred by the Eleventh Amendment to the United States Constitution fails for the reason set forth in the October Opinion. *Id.* at *5 n.5. Bellezza's claim for damages is construed as a claim against Fischer in his personal, not official, capacity.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 2059824 (S.D.N.Y.)
(Cite as: 2007 WL 2059824 (S.D.N.Y.))

CONCLUSION
    *2 Fischer's renewed motion for summary
judgment is denied.

    SO ORDERED.

S.D.N.Y.,2007.
Bellezza v. Fischer
Not Reported in F.Supp.2d, 2007 WL 2059824
(S.D.N.Y.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.